IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In proceedings under |
| Michael D Holcomb | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor(s). | ) | Bk. No.: 18-30179 |

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
TO DEBTOR(S)' ORIGINAL PLAN

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

**COMES NOW,** RUSSELL C. SIMON, Chapter 13 Trustee, and files this his Objection to Confirmation of the Debtor(s) Original Plan and in support thereof would respectfully show unto this Court the following (only those items checked apply):

1. ___ The Debtor(s)' Plan is not feasible. [Disposable Income: $0.00 Plan Payment: $0.00]

2. ___ As of , the proposed Plan does not provide sufficient funding to pay all allowed secured/priority claims, as well as any required distribution to allowed general unsecured claims. The Trustee's plan calculation* has been emailed to counsel. [Current Base: $0.00 Estimated Minimum Req'd Base: $0.00]

3. ___ Pursuant to Form 122C-2, Line 45, the Plan must provide a minimum payment to all allowed non-priority unsecured claims of the lesser amount of $0.00 or 100%.

4. ___ The Plan proposed by the Debtor(s) fails to address the following secured and/or priority claims: .

5. ___ The Plan does not provide for payment of all of the Debtor(s)' disposable income.
[Disposable Income on Sch. J: $0.00   Plan Payment: $0.00]

6. ___ Pursuant to 1325(a)(4), the amount necessary to pay all classes of unsecured creditors is $0.00; however, Debtor(s)' Plan only proposes to pay $0.00.

7. ___ Pursuant to the Proof of Claim filed by on , the Debtor(s) have not filed their tax returns. The Debtor(s) must provide the Trustee with evidence that these returns have been filed.

If the Debtor(s) assert that they have filed the tax returns indicated on the tax agency's Proof of Claim as not filed, they must file an Objection to said Proof of Claim and/or otherwise have the taxing agency file an Amended Proof of Claim to set forth the correct amount of their priority debt, if any.

8. _X_    Other:  The Trustee requests documentation on the debtors' 401k loan(s), including but not limited to the loan amount, duration, payment, remaining balance and remaining duration of the 401K loan obligation. In addition, should the 401K loan be paid in full within the duration of the plan the plan must be amended to provide for an increase in plan payments beginning the month following payment in full of the loan.

*The parties are advised that the plan calculation is subject to change based upon numerous factors, including, but not limited to, a change in the Trustee's percentage fee; missed or late plan payments; the filing of proof of claims in amounts substantially different from the amounts scheduled in the debtor(s)' plan; and the filing of amended proof of claims.

      **WHEREFORE, PREMISES CONSIDERED,** Russell C. Simon, Chapter 13 Trustee, respectfully prays that this Court deny confirmation of the Debtor(s)' Plan, and grant him such other and further relief, both in law and in equity, to which he shows himself justly entitled.

      **/s/ Russell C. Simon**
      RUSSELL C. SIMON, Trustee
      Chapter 13 Trustee
      24 Bronze Pointe
      Swansea, Illinois  62226
      Telephone: (618) 277-0086
      Telecopier: (618) 234-0124

Dated: March 28, 2018
SP

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Trustee's Objection to Confirmation to Debtor(s)' Original Plan was served on the parties listed below by ordinary U.S. Mail (with the correct postage prepaid and deposited in the U.S. Mail in Belleville, IL) or served electronically through the Court's ECF System at the email address registered with the Court on this day, Wednesday, March 28, 2018.

/s/Sandie

Michael D Holcomb
2400 Renois Ln
Cahokia, IL  62206-3015


WILLIAM A. MUELLER
5312 WEST MAIN ST.
BELLEVILLE, IL 62226