UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| In Re:<br><br>MICHAEL D. HOLCOMB,<br><br>Debtor. | BK 18-30179<br><br>In proceedings under Chapter 7<br><br>Honorable Judge Laura K. Grandy |
|---|---|

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 524
SEEKING DAMAGES FROM GATEWAY FOUNDATION, INC.
FOR VIOLATIONS OF THE DISCHARGE INJUNCTION**

**NOW COMES** Michael D. Holcomb ("Debtor"), by and through his attorneys, Law Office of Ronald A. Buch, LLC, bringing this Motion Pursuant to 11 U.S.C. § 524 Seeking Damages from Gateway Foundation, Inc. ("Gateway") for Violations of the Discharge Injunction and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this proceeding arises and is related to the above-styled Chapter 7 case under Title 11.

2.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, the Debtor consents to the entry of a final order by the Bankruptcy Judge.

3.      Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409.

**PARTIES**

4.      Michael D. Holcomb was a Debtor under Chapter 7 of Title 11 of the United States Code in Case Number 18-30179 filed on February 16, 2018.

1

5. At all times relevant to the action, Gateway Foundation, Inc. was a corporation who conducts and transacts business in the State of Illinois.

**GATEWAY'S WILLFUL POST-DISCHARGE VIOLATION OF 11 U.S.C. §524(a)(2)**

6. In 2019, Debtor received treatment from Gateway.

7. On February 16, 2018, the Debtor filed a petition for bankruptcy relief under Chapter 13 of the U.S. Bankruptcy Code and the requisite schedules (Doc 1).

8. Subsequently, on January 2, 2020, the Debtor's Chapter 13 was converted to a Chapter 7 (Doc57).

9. Debtor named Gateway as one of his creditors on his Amended Schedule E/F, a copy of which was mailed to Gateway via Debtor's counsel (Doc 67).

10. On February 29, 2020, Gateway sent a billing statement to the Debtor demanding payment in the amount of $3,478.22.  *See* Exhibit A, a true and correct copy of the February 29, 2020, billing statement.

11. Again, on March 31, 2020, Gateway sent a billing statement to the Debtor demanding payment in the amount of $3,478.22.  *See* Exhibit B, a true and correct copy of the March 31, 2020, billing statement.

12. On April 20, 2020, Debtor's counsel sent Gateway a letter requesting they immediately cease and desist contacting the Debtor with respect to the collection or attempted collection of any debt and demanding damages in the amount of $500.00.  *See* Exhibit C, a true and correct copy of the April 20, 2020, letter.

13. On April 20, 2020, the Debtor received his bankruptcy discharge (Doc 76).

14. When Debtor filed his bankruptcy petition, Debtor believed he would be enjoying the fresh start made available by the U.S. Bankruptcy Code.

15. However, on April 30, 2020, Gateway sent a billing statement to the Debtor demanding payment in the amount of $3,478.22. *See* Exhibit D, a true and correct copy of the April 30, 2020, billing statement.

16. On May 31, 2020, Gateway sent a billing statement to the Debtor demanding payment in the amount of $3,478.22. *See* Exhibit E, a true and correct copy of the May 31, 2020, billing statement.

17. On June 30, 2020, Gateway sent a billing statement to the Debtor demanding payment in the amount of $3,478.22. *See* Exhibit F, a true and correct copy of the June 30, 2020, billing statement.

18. As a direct result of Gateway's unlawful conduct, the Debtor has been denied his fresh start.

19. Gateway has violated the discharge injunction entered on April 20, 2020, by the U.S. Bankruptcy Court for the Southern District of Illinois.

20. Gateway's demand on the Debtor constitutes an attempt to receive payment on a discharged debt.

## STANDARD

21. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect upon discharged debts.

22. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

23. "To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2)

the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States S.E.C. v. Hyatt*, 621 F.35 687, 692 (7th Cir. 2008).

24. "A creditor must maintain adequate procedures to prevent a violation of the discharge injunction." *In re Nassoko,* 405 B.R. 515, 521 (Bankr.S.D.N.Y.2009).

25. The attempted collection by Gateway of a claim discharged in bankruptcy demonstrates an intentional disregard by Gateway to ignore the Bankruptcy Code and its prohibition of continued collection of a discharged debt.

26. "Punitive damages are awarded in response to particularly egregious conduct for both punitive and deterrent purposes. Such awards are reserved for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief. To recover punitive damages, the defendant must have acted with actual knowledge that he was violating the federally protected right or with reckless disregard of whether he was doing so." *In re Wagner*, 74 B.R. 898, 903-904 (Bankr.E.D.Pa.1987). "Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code." *In re Medlin*, 201 B.R. 188 (Bankr.E.D.Tenn.1996).

27. "In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure." *In re Sumpter*, 171 B.R. 835, 845 (Bankr.N.D.Ill 1994).

**ARGUMENT**

28. As Gateway was notified of the bankruptcy filing and subsequent discharge, the actions taken by Gateway to collect on this debt were in violation and contempt of the Order of Discharge entered by this Honorable Court on April 20, 2020.

29. The Discharge Order expressly provides that "the discharge prohibits any act to collect from the Debtors a debt that has been discharged." *Id.* Collection efforts by a creditor by sending billing statements constitutes an act to collect a debt.

30. There is no question that the Discharge Order is an unambiguous command.

31. Gateway, through its repeated efforts to unlawfully collect the subject debt, clearly did not make a reasonable and diligent effort to comply with the Discharge Order.

32. Gateway unlawfully attempted to coerce the Debtor to pay the discharged subject debt. Gateway's conduct represents a violation of the discharge injunction pursuant to 11 U.S.C. § 524(a)(2) and constitutes civil contempt of bankruptcy court orders.

33. Gateway's actions in seeking to collect on the subject debt after the Debtor's lawful discharge amounts to a flagrant and willful disregard to the discharge injunction as set forth in 11 U.S.C. § 524(a)(2).

34. Gateway's conduct was persistent and pervasive; it is clear that at no time did Gateway implement any systems to prevent its ongoing violation of the Discharge Order.

35. It is apparent that Gateway's regular business practice is to ignore Discharge Orders, even after notification of the Debtor's discharge.

36. The Debtor, at this point, is seriously questioning the efficacy of the Chapter 7 process in general. After successfully obtaining his discharge, only to be faced with continued collection leaves him thinking the bankruptcy had no effect.

37. To protect its authority and as well as to give the Debtor the relief that Congress contemplated, the Court should act promptly and firmly to stop conduct that violates the discharge injunction.

38. In order to protect the spirit of bankruptcy discharges as contemplated by Congress, this Court must impose civil contempt sanctions against Gateway for its brazen disregard of this Court's orders, including actual damages, punitive damages, costs, and fees.

**WHEREFORE,** the Debtor having set forth his claims for relief against Gateway respectfully prays of the Court as follows:

   a. That this Honorable Court enter an order finding Gateway in civil contempt for violations of 11 U.S.C. § 524;

   b. That this Honorable Court enter an order directing Gateway to pay actual damages in a sum determined by the Court for violations of 11 U.S.C. § 524;

   c. That this Honorable Court enter an order directing Gateway to pay punitive damages in a sum determined by the Court for violations of 11 U.S.C. § 524;

   d. That this Honorable Court enter an order directing Gateway to pay a sum determined by the Court for all reasonable legal fees and expenses incurred by Debtor's attorney for violations of 11 U.S.C. § 524; and

   e. That this Honorable Court enter an order granting the Debtor such other and further relief as the Court may deem just and proper.

Dated: July 30, 2020

Respectfully Submitted,

/s/ Ronald A. Buch
Ronald A. Buch- #6209955
Kimberly D. Litherland- #6299352 **lead counsel**
Attorneys for Debtor
Law Office of Ronald A. Buch, LLC
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000
belleville@tbcwam.com

## NOTICE OF ELECTRONIC FILING AND
## CERTIFICATE OF SERVICE BY MAIL

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | BK 18-30179 |
| | ) SS | |
| CITY OF BELLEVILLE | ) | Chapter 7 |

Jennifer Schweiger, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On July 30, 2020, Deponent electronically filed with the Clerk of the U. S. Bankruptcy Court the **Debtor's Motion Pursuant to 11 U.S.C. § 524 Seeking Damages from Gateway Foundation, Inc. for Violations of the Discharge Injunction**.

The Deponent served electronically the **Debtor's Motion Pursuant to 11 U.S.C. § 524 Seeking Damages from Gateway Foundation, Inc. for Violations of the Discharge Injunction** to the following parties:

U.S. Trustee

Robert E. Eggmann

and served by mail to the following parties:

**via certified mail**
Gateway Foundation, Inc.
c/o C T Corporation System, Reg. Agent
208 S. LaSalle St., Ste. 814
Chicago, IL 60604

**via certified mail**
Gateway Foundation, Inc.
c/o Thomas P. Britton, President & CEO
55 E. Jackson Blvd., Ste. 1500
Chicago, IL 60604

Michael D. Holcomb
2400 Renois Ln.
Cahokia, IL 62206

by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

By: /s/ Jennifer Schweiger