# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: <br><br> MICHAEL D. HOLCOMB, <br><br> Debtor. | BK 18-30179 <br><br> In proceedings under Chapter 7 <br><br> Honorable Judge Laura K. Grandy |

**GATEWAY FOUNDATION'S VERIFIED RESPONSE TO THE DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §524 SEEKING DAMAGES FOR VIOLATIONS OF THE DISCHARGE INJUNCTION**

Gateway Foundation, Inc., by its undersigned counsel, for its response to the Debtor, Michael D. Holcomb's Motion Pursuant to 11 U.S.C. Section 524 seeking damages for violation of the discharge injunction for merely mailing three copies of its post-petition bill states as follows:

1.  Gateway is an Illinois not for profit corporation that provides addiction treatment services with physical locations throughout Illinois.

2.  Michael Holcomb, the Debtor, filed a chapter 13 Bankruptcy Case on February 16, 2018. On the petition date Gateway had no claim against the Debtor and Gateway was not included as a creditor on the Debtor's schedule of liabilities. (Dkt#1)

3.  On May 25, 2018 the Court confirmed the Debtor's amended Chapter 13 plan. (Dkt#13). Post-confirmation, the Debtor filed a Second Amended Plan on June 4, 2019 (Dkt#43) which the court approved on June 29, 2019. (Dkt#53).

4.  From August 15, 2019 through September 13, 2019, the Debtor sought and received treatment services from Gateway at its treatment center located in Caseyville, Illinois. The Debtor did not inform Gateway of his pending bankruptcy case or request charitable consideration for the services he incurred, in spite of the fact that Gateway maintains a charitable

149234590.4

care policy. The total cost to the Debtor for Gateway's care, net of what insurance paid, was $3,478.22 for which he was billed but for which he paid not one cent. Without knowledge of the Debtor's Bankruptcy Case, Gateway continued to bill the Debtor monthly for his treatment services.

5. On December 30, 2019 the Debtor moved to convert his Chapter 13 Case to Chapter 7. (Dkt#56). Gateway did not receive notice of this motion. The Court granted the motion to convert the Debtor's Chapter 13 Case to a Case under Chapter 7 on January 2, 2020 (Dkt#57).

6. The clerk of court mailed notice of the conversion and the 341(a) meeting of creditors in Chapter 7 on January 4, 2020. (Dkt #59). However, the Debtor failed to amend his schedule of liabilities until January 15, 2020 (Dkt #67) and therefor Gateway did not receive the clerk's notice of conversion of the case from Chapter 13 to Chapter 7 or of the 341(a) meeting in the now converted case.

7. The amendment to the Debtor's schedules to include Gateway filed January 15, 2020 retains the original 2018 filing number but does not otherwise indicate that the Debtor converted his Case from Chapter 13 to Chapter 7, and incorrectly schedules Gateway's claim for $783 rather than $3,478.22.

8. On April 20, 2020 the order of discharge was entered (Dkt #76) which was mailed to creditors by the clerk on April 23, 2020 (Dkt #77). Although the order recites that the discharge under 727 is granted, the case number is still the original 2018 number and Gateway had not then received notice of the conversion.

9. Finally, on April 20, 2020 Counsel for the Debtor wrote to Gateway informing it of the conversion of the Case from Chapter 13 to Chapter 7 on January 2, 2020. Unfortunately,

counsel's letter was not sent to Gateway at its billing address, but to its registered agent, CT Corporate Systems.

10. In the midst of the Covid 19 Pandemic, and due to certain riotous events, which took place in downtown Chicago, Gateway instituted a work from home policy and access to its Chicago office was restricted. Delivery of and receipt of its office mail were frequently delayed, as well as the opening and processing of mail.

11. Clearly, Gateway had no notice of the conversion of the Debtor's Chapter 13 Case to a Case under Chapter 7 prior to the time it sent monthly bills to the Debtor in February, March and April of 2020 and the motion to find Gateway in contempt of the Debtor's discharge for conduct prior to the entry of the order of discharge is improper.

12. Gateway did continue to send one regular monthly bill to the Debtor until it received the Debtor's motion to hold it in contempt, at which time its counsel, who has remote access to the Pacer system, informed it to cease all billings. However, Gateway has never called or harassed the Debtor or retained any collection agent or attorney to attempt to recover for post-petition services rendered to the Debtor.

13. In these circumstances it is unlikely that the Debtor has suffered any emotional distress and Gateway sincerely regrets any inconvenience it may have caused the Debtor or its counsel.

WHEREFORE Gateway asks the Court to deny the Debtor's motion to punish it for contempt, to impose sanctions or monetary damages against it for unintentional acts of sending a few post-discharge monthly statements to the Debtor and for such other and further relief as is just.

August 20, 2020                                                            Respectfully submitted,

149234590.4

Gateway Foundation, Inc.

An Illinois Not for Profit Corporation

By:    */s/ Daniel A. Zazove*

Daniel A. Zazove **(Bar ID: IL 3104117)**
Perkins Coie, LLP
131 South Dearborn Street
Suite 1700
Chicago, Illinois 60603
312.324.8605

and

E. Rebecca Case **(Bar ID: MO 38010)**
Stone, Leyton & Gershman
7733 Forsyth Blvd.
Suite 500
St. Louis MO 63105
314.721.7011

## VERIFICATION

The undersigned Thomas Britton is the Pres, &T, CEO of Gateway Foundation, Inc., an Illinois not for profit corporation. I have reviewed Gateway's Foundation's verified response to the Debtor's motion seeking contempt and damages against Gateway for violation of the discharge injunction and state that it is true and correct to the best of my knowledge information and belief.

*[signature]*    Pres. &T + CEO

Name and title

*Eunice M. Haynes*

Subscribed and sworn before me on the 19 day of August 2020

```
OFFICIAL SEAL
EUNICE M. HAYNES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/31/2022
```

Notary Public (seal)

*Eunice Haynes*
8/19/2020

149234590.4